Isaac N. McCreery *et al.*, Respondents, v. J. C. Ellis *et al.*, Defendants; Theresa M. Gratiot, Appellant.

St. Louis Court of Appeals, January 2, 1895.

Mechanic's Liens: SUFFICIENCY OF EVIDENCE. The evidence in this cause is considered and held sufficient to sustain the judgment, which was one establishing a mechanic's lien.

*Appeal from the St. Louis City Circuit Court.*—Hon. James E. Withrow, Judge.

Affirmed.

*Henry B. Davis* for appellant.

*H. M. Pollard* for respondents.

Bond, J.—Plaintiffs, as material men, ask for a judgment against the original contractor for the value of certain materials alleged to have been used in the

construction of certain buildings on the ground of defendant Gratiot, and for a mechanic's lien on said lot and buildings. The original contractor did not appear. The owner filed a general denial. The cause was referred to Hon. A. N. CRANE to try the issues, who, after hearing the evidence adduced, reported recommending judgment in favor of plaintiffs for $789.93 against the original contractor, with interest from date of suit, and a special lien on the property of the owner for $770.06 of said judgment. Defendants' exception to said report was overruled, and judgment entered according to its finding, from which the present appeal is taken.

The only exception to the judgment upon the referee's report, saved in the motion for a new trial, is that "there is no evidence to sustain said judgment."

As the law is that a referee's findings are to be taken as a special verdict, an exception based on want of evidence must be overruled if there is any substantial evidence in the record supporting the report of the referee. *Lingenfelder v. Wainright Brewing Co.*, 103 Mo. 589. In the case at bar we have examined the evidence presented before the referee and preserved in the record, and we find that it furnishes ample support for the conclusions of fact reached by him. The following reference to the testimony in the report of the referee, which is fully borne out by the evidence in the transcript, shows substantial evidence warranting his finding, to wit:

"The testimony of the witnesses called by the plaintiffs to establish their case tends to show that the lumber furnished by plaintiffs was all along used by Ellis on the Gratiot building. Some saw him so using it; some assisted him in the work; and some saw him using it, and identified the lumber in the building after it was used.

"This is not seriously disputed. But Keene, an employee of Ellis, says that, while working there in September, 1892, he hauled away five hundred shingles, one hundred and fifty feet of roofing, six or seven pieces of sixteen foot joist, and a few pieces of fencing, the latter more like kindling wood.

"Cozzens says that two hundred feet of roofing was hauled off, and another employee of Ellis, named Riley, says that seven hundred and fifty shingles were removed; that he had charge of the work for Ellis from and after September 1, and knew of none being taken but the roofing, joists and shingles—that he missed no other lumber.

"The testimony of the witnesses for defendant Gratiot leaves the amount and the description of the lumber removed by Ellis uncertain. Miss Gratiot herself says that Ellis was at the same time engaged in building for others in the vicinity of her premises, and that he frequently brought lumber to her place and took lumber away from there. She specifies two loads taken in September, containing lumber and shingles. In October Schramm met Ellis near the Gratiot place with some 2x4 lumber and siding, which he said he had taken from there. Another witness Eaton helped Ellis load some shingles, which he took away—thinks there were three or four thousand of them. Smith says Ellis took away some 2x4 lumber, and some cedar.

"The testimony tends to show that this lumber was all taken away in or after September, 1892. And while the inquiry is not free from difficulty, I think the testimony of the employees of Ellis at that time more satisfactory than that of the other witnesses. They certainly had better opportunities for observing, and are more specific in their statements as to what lumber was taken away. Upon the whole, I think it reasonable to infer that Ellis removed seven hundred and fifty

shingles, two hundred feet of roofing, seven pieces of sixteen-foot joist, and say two hundred feet of fencing —a liberal allowance.

"At the highest prices charged for such articles in the account, the lumber removed was worth as follows, viz:

| | |
|---|---:|
| 200 feet of roofing | $6 00 |
| 750 shingles | 3 53 |
| 7 pieces of 16-foot joist | 7 84 |
| 200 feet of fencing | 2 60 |
| | $19 87 |

"The debit side of the plaintiff's account amounts to $841.86, against which credits are given for lumber amounting to $51.62 and a rebate of thirty-one cents cash on the original estimate, leaving a balance of $789.93, due the plaintiffs. I think they are entitled to recover this balance from the defendant Ellis, but their claim against the Gratiot premises is limited to the value of the materials furnished by them, and used in constructing the buildings.

"The plaintiff, E. H. McCreery, testifies that the prices in the account are reasonable prices for the lumber there included. Mr. Cudmore, a witness for Gratiot, says that he examined buildings and the plans and specifications and made a list of the lumber used there. He produces this list as an exhibit to his testimony. It contains his estimate of the value of the lumber there described, amounting to $669.78.

"Mr. Hoffman, called in rebuttal, states that he made an examination of the buildings to ascertain what lumber was used in them, and to form an opinion of its value; and produces a list having his estimate of values, which accompanies his testimony as an exhibit. He also states that he found considerable lumber used there, not included in the list furnished by Cudmore, and he furnishes a separate list of this omitted lumber with his

estimate of the value, amounting to $175.26, which, added to Mr. Cudmore's estimate, makes more than the plaintiffs claim to be due them. I think, upon all this testimony, it ought to be found that the prices stated in the account are fair and reasonable prices."

As the foregoing testimony tends to show that the materials for which recovery was had actually entered, to the extent of the lien declared, in the construction of the improvements on defendant's ground, and that the prices charged were reasonable, the judgment confirming the report of the referee is not open to attack for want of support in the evidence, and appellant's assignment of error to that effect will be overruled.

The result is, the judgment herein will be affirmed. All concur.